In re Ronald S. BERKICH and Wendy Berkich, Debtors.

Bankruptcy No. 80–01701T.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 16, 1980.

Richard B. Posey, Wilhelm L. Gruszecki, Lititz, for debtors.

Mark Yoder, Bingaman, Hess, Coblentz & Bell, Reading, for American Bank and Trust Co. of Pa.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtors in the above case have filed an application to reaffirm a debt with American Bank and Trust Company of Pennsylvania. For reasons hereinafter given, the application shall be denied.[1]

On April 25, 1979, the debtors executed a note in favor of the Bank in the amount of $12,000. The present balance due is $12,-066.53. Payment was guaranteed by Alice M. Weaver, mother of debtor Wendy Berkich, and is secured by a judgment which constitutes a lien upon real estate owned by Alice M. Weaver. The debtors indicated at the hearing conducted pursuant to 11 U.S.C. § 524 (1979) that they resided on the property so encumbered and paid rent to Alice M. Weaver therefor.

Although the debt is secured by real property, it is not secured by any real property owned by the debtors themselves. Therefore, before this Court can approve any proposed reaffirmation, we must first conclude that such a reaffirmation 1) would not impose an undue hardship on the debtors (§ 524(c)(4)(A)(i)) and 2) is in the best interests of the debtors (§ 524(c)(4)(A)(ii)).

Repayment of this debt pursuant to the terms proposed may very well not impose

1. This Memorandum and Order constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

an undue hardship on the debtors.[2] However, the debtors have not shown and the Court cannot conclude that this proposed agreement is in the best interests of the debtors.

■ In their application, the debtors have asserted two reasons why reaffirmation of this debt is in their best interests. First, debtors do not wish the bank to move against Alice M. Weaver to collect the debt. This sentiment is understandable, but does not constitute, in our view, sufficient basis for finding that the reaffirmation is in the *debtors'* best interests.[3]

■ Second, debtors state that by entering into a reaffirmation agreement, the Bank is willing to waive certain events of default which have occurred with respect to repayment of the note. Their discharge in bankruptcy will serve equally as well, possibly better, to absolve the debtors of any liabilities for default(s) which may have occurred.

Denial of this application does not leave the debtors without meaningful alternatives. For example, the debtors might still forestall Bank action against Alice M. Weaver or her property by continuing to make payments as volunteers. We cannot, however, based on the present state of the record, conclude that it would be in the debtors' best interests to, once again, legally obligate them for repayment of this debt.

Therefore, the application for reaffirmation of the debt owed American Bank shall be and hereby is DENIED.

IT IS SO ORDERED.

---

2. The proposed payment is $200 per month.

3. *See In re Avis*, 3 B.R. 205, 207 (Bkrtcy.S.D. Ohio 1980).